IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 93-CR-0001-001-HDC |
| v. ) | |
| ) | USM Number: 07005-062 |
| LAROAN F. VERNERS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is defendant's motion to correct judgment (Dkt. # 250). Defendant moves under Rule 60(b)(6) of the Federal Rules of Civil Procedure to vacate his conviction for violation of 21 U.S.C. § 860(a), claiming a flawed jury instruction and verdict renders the conviction invalid.

Defendant stands convicted of Counts One and Three of the Superseding Indictment, charging possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 860(a), and establishment of manufacturing operations, in violation of 21 U.S.C. § 856(a)(1). Defendant was sentenced to an imprisonment term of 360 months, 360 months in Count One and 240 months in Count Three, said terms to run concurrently, each with the other. Defendant's sentence was subsequently reduced to a term of 292 months, 292 months as to Count One and 240 months as to Count Three, said counts to run concurrently, each with the other, pursuant to a motion to modify sentence under Amendment 706 and 18 U.S.C. § 3582(c)(2) (Dkt. # 235).

Rule 60(b) of the Civil Rules of Procedure provides no basis for defendant's requested relief. Rule 60(b) does not apply to a criminal proceeding. United States v. Spry, 260 Fed.Appx. 52, 54 (10th Cir. 2008); United States v. Ramirez, 211 Fed.Appx. 712, 714 (10th Cir. 2007); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case."); United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999) (same). Nor is Rule 60(b) an independent source of jurisdiction in a criminal case. Ramirez, 211 Fed.Appx. at 714; see also United States v. Johnson, 159 Fed.Appx. 835, 838-39 (10th Cir. 2005) ("[W]hile Federal Rule of Civil Procedure 60(b) has a 'valid role to play in habeas cases,' it does not provide relief from judgment in a criminal case." (quoting Gonzalez v. Crosby, 545 U.S. 524, 533-34, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), and citing Mosavi, 138 F.3d at 1366)).

**IT IS THEREFORE ORDERED** that defendant's motion to correct judgment (Dkt. # 250) is **dismissed for lack of jurisdiction**.

**IT IS SO ORDERED** this 24th day of August, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT